



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Rod J. Rosenstein*
*United States Attorney*

*Dana J. Brusca*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4842*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*
*TTY/TDD: 410-962-4842*
*Dana.Brusca@usdoj.gov*

July 6, 2016

Michael Oppenheimer, Esq.
Office of the Federal Public Defender
 for the District of Maryland
100 South Charles Street, Tower II, Ninth Floor
Baltimore, MD 21201

> Re:   United States v. Howard Braxton, Criminal No. ELH-16-0236

Dear Mr. Oppenheimer:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to your client, Howard Braxton, (the "Defendant") by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have her execute it in the spaces provided below. If this offer has not been accepted by **August 1, 2016**, it will be deemed withdrawn. The terms of the agreement are as follows:

## Offense of Conviction

1.     The Defendant agrees to plead guilty to Count One of the Indictment pending against him, which charges him with possessing a firearm after having been convicted of a crime punishable by more than one year in prson, in violation of 18 U.S.C. § 922(g). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

## Elements of the Offense

2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a.     That on or about September 6, 2015, in the District of Maryland, the Defendant knowingly possessed a firearm, as that term is defined in 18 U.S.C. § 921(a)(3);

1

       b.      That the defendant had a prior conviction for a crime punishable by a term of imprisonment exceeding one year; and

       c.      That the firearm affected interstate commerce because it was manufactured outside of the State of Maryland.

## Penalties

3.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: a 10 year term of incarceration, followed by up to 3 years of supervised release, and a $250,000 fine. In the event the Defendant is determined to have three previous convictions by any court referred to in 18 U .S.C. § 922(g)(1) for a violent felony or serious drug offense, or both, committed on occasions different from one another, the Defendant shall be fined under Title 18 and sentenced to a maximum term of life imprisonment and a mandatory minimum term of 15 years imprisonment, a five-year term of supervised release, and a fine of $250,000 and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, the Defendant with respect to the conviction under section 922(g). In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order her to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked — even on the last day of the term — and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, she surrenders certain rights as outlined below:

       a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

       b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. The Defendant and his Counsel would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, she would have the subpoena power of the Court to compel the witnesses to attend.

      d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

      e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph set forth below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

      h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to her immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.      **Base Offense Level.** Pursuant to U.S.S.G. § 2K2.1(a)(2), the Defendant has committed the instant subsequent to sustaining at least two felony convictions for a controlled substance offense, resulting in a base offense level of 24.

b.      **Acceptance of Responsibility.** This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

c.      Accordingly, the **anticipated final offense level is 21.**

d.      **Criminal History.** The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

e.      **No Other Guidelines Dispute.** This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

f.      **Downward Variance.** The parties agree that a downward variance from the guidelines range is appropriate in this case in light of the age and disposition of the

4

Defendant's oldest controlled substance offense, which occurred in 2004, and the lengthy time of apparent rehabilitation since the Defendant's last controlled substance offense, which occurred in 2008. The parties stipulate and agree that an appropriate downward variance in light of these factors is four offense levels. This is because a downward variance of four levels would put the Defendant at a base offense level of 20, and an adjusted offense level of 17, which are the offense levels to which he would be subject if only one of his prior convictions for a controlled substance offense counted toward his guidelines calculation. *See* U.S.S.G. § 2K2.1(a)(4).

## Forfeiture

7.      The Defendant understands and agrees that as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm. He forfeits all right, title, and interest in the Smith & Wesson, Model 36, .38 caliber revolver, serial number 667361, and ammunition recovered by law enforcement officers on or about September 6, 2015.

8.      The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

## Obligations of the United States Attorney's Office

9.      At the time of sentencing, this Office will recommend a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. Section 3553(a) and forfeiture and restitution. Also at the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

10.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Waiver of Appeal

11.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

        a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

        b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and

the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

12.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge her guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

13.    The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of her obligations

under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

14.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.


Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Dana J. Brusca
Assistant United States Attorney

7/6/2016
Date

7

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Advisory Guidelines Stipulation and with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_10/4/2016_
Date

Howard Braxton
Defendant


I am counsel for the Defendant, Howard Braxton. I have carefully reviewed every part of this agreement, including the Sealed Supplement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_10/4/2016_
Date

Michael Oppenheimer, Esq.
Counsel to the Defendant

8

## ATTACHMENT A
## STATEMENT OF FACTS

*It is agreed and stipulated that were the Government to proceed to trial in this case, it would prove, beyond a reasonable doubt, by admissible testimonial and documentary evidence the guilt of the Defendant on the charge of possession of a firearm after conviction for a crime punishable by more than one year imprisonment, in violation of 18 U.S.C. § 922(g).*

The Defendant agrees to the truth of the summary of evidence set forth below and acknowledges that it does not represent all the evidence the Government would have produced had the case proceeded to trial.

*       *       *

On September 6, 2015, at approximately 11:25 p.m., members of the Baltimore Police Department ("BPD") were conducting proactive enforcement in the vicinity of North Gilmor Street, Baltimore, Maryland. The officers were driving an unmarked police vehicle and were wearing tactical vests that displayed the word "POLICE" in white bold letters on the front and back.

As they turned onto North Gilmor Street, the BPD officers observed the Defendant and an unidentified male walking on the east side of the street. The officers saw the Defendant's left arm swinging freely as he walked, but saw his right hand was tucked against his body. Based on their training and experience, the officers believed that the Defendant might be armed.

The officers then pulled their vehicle over, close to the Defendant, and the officer in the front passenger seat rolled down his window and stated something to the effect of, "Hello, Sir."

At that point, the Defendant grasped at his midsection and fled on foot. The BPD officer in the front passenger seat got out of the car to chase the Defendant, while the other officers tried to follow alongside the Defendant while remaining in the vehicle.

As the Defendant continued to run, the BPD officer chasing the Defendant on foot saw the Defendant pull a black firearm from his waistband area. The officer yelled "Gun, gun!" and then pushed the Defendant in the back.

The Defendant fell forward and the gun slid out of his hand onto the pavement. The BPD officers then secured the Defendant and recovered within arm's reach of him a black Smith & Wesson, Model 36, .38 caliber revolver that bore Serial Number 667361. The BPD officers also recovered five live rounds of ammunition from inside the revolver.

The Smith & Wesson, Model 36, .38 caliber revolver that bore Serial Number 667361 was manufactured outside the State of Maryland and thus affected interstate commerce prior to its recovery in the State of Maryland. The weapon is capable of and/or is readily convertible to expel a projectile by the action of an explosive and therefore constitutes a firearm as defined in 18 U.S.C. Section 921. The ammunition BPD recovered were also manufactured outside the

9

State of Maryland, and thus interstate commerce was affected. These rounds are ammunition as defined in 18 U.S.C. Section 921.

The Defendant knowingly possessed the above-referenced firearm and ammunition subsequent to being convicted for a crime punishable by more than one year of imprisonment. His civil rights have not been restored.